ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. |
| RYAN MARK REYNOLDS | § § | |



3-12CR-120-K

### INFORMATION

The United States Attorney Charges:

### COUNT ONE
### Conspiracy to Commit Securities Fraud
### (18 U.S.C. § 371)

1. Beginning in or about May 2007 and continuing until in or about October 2007 (the "relevant period"), in the Dallas Division of the Northern District of Texas and elsewhere, the Defendant, **Ryan Mark Reynolds** ("the Defendant") willfully (that is, with the intent to further the objects of the conspiracy) and knowingly combined, conspired, confederated, and agreed with persons known and unknown to the Grand Jury ("the coconspirators") to commit an offense against the United States, specifically Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, which is to say that the Defendant and the coconspirators agreed that they would willfully and knowingly, by the use of means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, directly and indirectly, in connection

with the purchase and sale of securities: (a) use and employ manipulative and deceptive devices and contrivances; (b) employ devices, schemes, and artifices to defraud; (c) make untrue statements of material fact and omit to state material facts that were necessary for statements that were made not to be misleading, in light of the circumstances under which the statements were made; and (d) engage in acts, practices, and courses of business that operate or would operate as a fraud or deceit upon a person.

2.      Specifically, the Defendant and the coconspirators agreed that they would defraud public investors in the stock of ConnectAJet.com, Inc. ("CAJT" or "the company"), a company whose share price was quoted on the Pink Sheets under the symbol CAJT, by manipulating and artificially inflating the demand for and price of CAJT shares and then selling CAJT shares at the inflated price, thus causing losses to public investors who purchased the shares.

## Purposes of the Conspiracy

3.      Among the purposes of the conspiracy, the Defendant and the coconspirators would and did: (a) obtain free trading shares of CAJT; (b) manipulate and inflate the demand for and the market price of CAJT shares through manipulative trading and false and misleading publicity about the company; (c) enrich themselves at the expense of public investors by selling their shares of CAJT at the artificially inflated market price; and (d) conceal their involvement in and responsibility for the fraudulent manipulation of the market for CAJT shares.

## Manner and Means of the Conspiracy

4. The Defendant and the coconspirators would and did seek to accomplish the purposes of the conspiracy by the following manner and means, among others.

5. Certain coconspirators, with the Defendant's knowledge and agreement, merged a privately-owned Texas corporation named ConnectAJet.com, Inc. into a publicly-owned Nevada corporation named Source Venture Capital, Inc., with the result that the Nevada corporation emerged as the sole surviving entity and then changed its name to ConnectAJet.com, Inc.

6. The Defendant and two coconspirators, through entities that they owned and controlled, entered into subscription agreements with ConnectAJet.com, Inc., whereby they agreed to purchase from the company shares of common stock for $0.01 each.

7. The Defendant and the coconspirators who entered into the subscription agreements falsely stated in the agreements that they were purchasing CAJT shares "solely for the undersigned's account, for investment purposes only and not with a view to the distribution of said Securities and not with a view to assignment or resale thereof."

8. Certain coconspirators in Texas, with the Defendant's knowledge and agreement, arranged for an attorney in Arizona to issue a legal opinion that the company could issue the shares covered by the subscription agreements "without a restrictive legend," and that the shares could be "sold in a public market by the holder thereof

without registration."

9.  Based on that legal opinion and the subscription agreements, certain coconspirators in Texas, with the Defendant's knowledge and agreement, arranged for the company's transfer agent in New York (a) to issue unrestricted shares of stock to entities that the Defendant and two of the coconspirators owned and controlled, and (b) to cause the shares to be deposited into accounts in the names of those entities at a brokerage firm in New York.

10. The Defendant, while in Texas, then directed the broker in New York to transfer a substantial number of the shares in his entity's account to accounts, held in the names of the Defendant's friends, associates, and family members, over which the Defendant had trading authority. The Defendant also had trading authority over an account that one of his coconspirators indirectly owned and controlled.

11. Using his trading authority over those accounts, over the course of several weeks during August and September 2007, the Defendant systematically sold millions of shares of CAJT that he and one of his coconspirators directly or indirectly owned. Another coconspirator sold millions of CAJT shares that he owned, in coordination with the Defendant's trading, during the same period.

12. During the period in August and September 2007 when the Defendant and one of his coconspirators were systematically liquidating their holdings of CAJT stock, two other coconspirators, with the Defendant's knowledge and agreement, executed a

campaign of false and misleading publicity about ConnectAJet.com, Inc.

13. Using mailings, faxes, print media, and television, the coconspirators unleashed a barrage of press releases and advertising that misrepresented and omitted material facts, thereby mischaracterizing and exaggerating the operational capabilities, business prospects, and initial success of ConnectAJet.com, Inc.

14. The publicity campaign contributed to an increase in demand for CAJT shares, and an increase in the share price, based on false and misleading information.

15. At the same time, the Defendant, through brokerage accounts that he controlled, regularly purchased shares of CAJT in order to create the appearance of demand for the shares and prevent the share price from decreasing.

16. In the foregoing manner, the Defendant and his coconspirators manipulated and artificially inflated the share price of CAJT during August and September 2007, at the same time that they were systematically liquidating their holdings of the stock. As a result, the Defendant and his coconspirators were able to sell, at prices ranging from $1 to nearly $3, shares of CAJT that they had purchased for $0.01 approximately a month earlier.

### Overt Acts in Furtherance of the Conspiracy

17. In furtherance of the conspiracy and to accomplish its objects and purpose, the Defendant committed and caused to be committed, in the Northern District of Texas and elsewhere, the following overt act.

18.     On or about August 24, 2007, the Defendant, while in Texas, instructed a brokerage firm in New York to transfer 200,000 shares of CAJT from an account that the Defendant controlled to an account held by J.J.C. over which the Defendant had trading authority.

All in violation of 18 U.S.C. § 371.

Notice of Forfeiture Allegation
(18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c))

Upon conviction for the offense alleged in Count One of this Information, the defendant, **Ryan Mark Reynolds** ("the Defendant"), shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the respective offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Upon conviction for the offense alleged in Count One of this Superseding Information, the Defendant shall forfeit to the United States any property, real or personal, involved in, or traceable to property involved in, the respective offense, pursuant to 18 U.S.C. § 982(a)(1). Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty,

[BLANK SPACE]

the United States of America intends to seek forfeiture of any other property of the defendant up to the value of the above described property subject to forfeiture.

| | |
|---|---|
| SARAH R. SALDAÑA<br>UNITED STATES ATTORNEY | DENIS J. MCINEREY<br>CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>United States Department of Justice |
| /s/ Alan M. Buie<br>ALAN M. BUIE<br>Assistant United States Attorney<br>Texas State Bar No. 00783751<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242<br>Telephone: 214.659.8640<br>Facsimile: 214.767.4104<br>alan.buie@usdoj.gov | /s/ Alan M. Buie for<br>N. NATHAN DIMOCK<br>BENJAMIN O'NEIL<br>Trial Attorneys<br>1400 New York Avenue, NW<br>Washington, DC 20005<br>Telephone: 202.514.0095 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| Related Case Information | | |
|---|---|---|
| Superseding Indictment: ☐ Yes ☒ No | New Defendant: ☒ Yes ☐ No | |
| Pending CR Case in NDTX: ☐ Yes ☒ No | If Yes, number: | |
| Search Warrant Case Number N/A | | |
| R 20 from District of | 3-12CR-120-K | |
| Magistrate Case Number N/A | | |

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   If Yes, Matter to be sealed:

   ☐ Yes ☐ No

   Defendant Name: **RYAN MARK REYNOLDS**

   Alias Name:

   Address:

   County in which offense was committed:

   RECEIVED 10:20 AM APR 13 2012 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

2. **U.S. Attorney Information**

   AUSA ALAN M. BUIE             Bar # TX Bar No. 00783751

3. **Interpreter**

   ☐ Yes ☒ No     If Yes, list language and/or dialect: _____

4. **Location Status**

   **Please issue Warrant for Arrest**

   ☐ Already in Federal Custody as of _____ in _____
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: **1**     ☐ Petty  ☐ Misdemeanor  ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Securities Fraud | 1 |
| 18 U.S.C. § 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c) | Notice of Forfeiture Allegation | |

Date 4/13/2012     Signature of AUSA: _Alan M. Buie_
                                          ALAN M. BUIE